UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEA LEA BAILIE, | No. 2:12-cv-2300 DAD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

On July 26, 2005, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act alleging disability beginning on June 20, 2002. (Transcript ("Tr.") at 13, 49, 103.) Plaintiff's applications were denied initially and upon reconsideration. Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law

Judge ("ALJ") on May 13, 2008.  (Id. at 629-57.)

In a decision issued on September 29, 2008, the ALJ found that plaintiff was not disabled. (Id. at 56.)  However, plaintiff requested review of the ALJ's September 29, 2008 decision, and on September 16, 2010, the Appeals Council vacated the ALJ's September 29, 2008 decision and remanded the matter back to the ALJ for further proceedings.  (Id. at 39-40A.)

On March 8, 2011, an administrative hearing on remand was held before the same ALJ. (Id. at 658-80.)  Plaintiff was represented by counsel and testified at that hearing.  In a decision issued on April 21, 2011, the ALJ again found that plaintiff was not disabled.  (Id. at 28-29.)

The ALJ entered the following findings:

> 1. The claimant met the insured status requirements of the Social Security Act only through December 31, 2007.
>
> 2. The claimant has not engaged in substantial gainful activity since June 20, 2002, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: degenerative disk disease of the cervical and lumbar spine; peripheral vascular disease and coronary syndrome with comorbidities including hypertension and diabetes mellitus; and adjustment disorder (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c).  She can lift 50 pounds occasionally and 25 pounds frequently.  She can stand and walk in combination at least six hours and sit at least six hours out of an eight-hour workday.  She should not climb ladders, ropes, or scaffolding.  She should not work at heights or around hazardous machinery.  The claimant can perform only occasionally overhead reaching, bilaterally.  She is mentally limited to work involving simple instructions and having relatively restricted public contact.
>
> 6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).
>
> 7. The claimant was born on January 1, 1959 and was 43 years old, which is defined as a "younger individual age 18-49," on the alleged disability onset date.  The claimant subsequently changed

        age category to "closely approaching advanced age" (20 CFR 404.1563 and 416.963).

        8. The claimant has a "limited" education and is able to communicate in English (20 CFR 404.1564 and 416.964).

        9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

        10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

        11. The claimant has not been under a disability, as defined in the Social Security Act, from June 20, 2002, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Id. at 15-28.)

On July 19, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's April 21, 2011 decision. (Id. at 2-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 7, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion for summary judgment plaintiff argues that the ALJ committed the following two principal errors in finding her not disabled: (1) the ALJ erred by failing to pose a complete hypothetical question to the Vocational Expert; and (2) the ALJ erred in his treatment of the medical opinion evidence. (Pl.'s MSJ (Dkt. No. 19-1) at 2.[1])

### I.   **Vocational Expert Hypothetical**

Plaintiff argues that the ALJ failed to properly determine her Residual Functional Capacity ("RFC") and, therefore, failed to pose a legally adequate hypothetical question to the

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1  Vocational Expert ("VE").  (Id. at 23-26.)

2  While an ALJ may pose a range of hypothetical questions to a VE based on alternate interpretations of the evidence, the hypothetical question that ultimately serves as the basis for the ALJ's determination, i.e., the hypothetical question that is predicated on the ALJ's final RFC assessment, must account for all of the limitations and restrictions of the particular claimant. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009).  "If an ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy."  Id. (citation and quotation marks omitted).  See also Taylor v. Commissioner of Social Sec. Admin., 659 F.3d 1228, 1235 (9th Cir. 2011) ("Because neither the hypothetical nor the answer properly set forth all of Taylor's impairments, the vocational expert's testimony cannot constitute substantial evidence to support the ALJ's findings."); Palomares v. Astrue, 887 F.Supp.2d 906, 919 (N.D. Cal. 2012) ( "Since the analysis of RFC was flawed and not based on the whole record, the VE's testimony based thereon has no evidentiary value, and the ALJ's finding that Mr. Palomares can perform his previous work is not based on substantial evidence in the whole record."); cf. SSR 83-14 ("Any limitation on these functional abilities must be considered very carefully to determine its impact on the size of the remaining occupational base of a person who is otherwise found functionally capable of light work.").

Here, examining physician Dr. Manolito Castillo opined, in relevant part, on December 2, 2010, that plaintiff was moderately limited in her ability to concentrate for "at least two-hour increments at a time, in order to maintain a regular work schedule."  (Tr. at 579.)  The ALJ found Dr. Castillo's opinion overall to be "well supported" and afforded the examining physician's opinion "significant weight."  (Id. at 26.)  However, with respect to Dr. Castillo's finding concerning plaintiff's ability to concentrate for two-hour increments, the ALJ concluded that this particular limitation would only "minimally affect her ability to perform simple tasks."  (Id.)

Accordingly, the ALJ's hypothetical question posed to the VE did not include this limitation.  (Id. at 678.)  In response to the ALJ's hypothetical question, which did not include this limitation as reflected in Dr. Castillo's opinion, the VE testified that plaintiff could perform

1 work as a dishwasher, cleaner and laborer. (Id.) These were the only jobs identified by the VE.
2 "Based on the testimony of the vocational expert," the ALJ concluded that work existed in
3 significant numbers in the national economy in light of plaintiff's RFC. (Id. at 28.) However,
4 when posed a question by plaintiff's counsel that included Dr. Castillo's limitation with respect to
5 plaintiff's ability to concentrate for two-hour increments, the VE testified that plaintiff could not
6 perform the jobs identified by the VE. (Id. at 679.)

7 In light of the fact that the ALJ found that Dr. Castillo's opinion was well supported and,
8 therefore, afforded it significant weight, the court cannot find that the ALJ's hypothetical question
9 as posed to the VE reflected all of plaintiff's limitations because the question did not include all
10 of the limitations indicated by Dr. Castillo's opinion. Moreover, in light of the VE's testimony,
11 the court also cannot find that the ALJ's omission of the limitation from the question to the VE
12 was harmless.[2]

13 Because the ALJ's hypothetical question to the VE did not reflect all of plaintiff's
14 limitations, the ALJ could not rely on the VE's testimony to make the determination that plaintiff
15 was able to perform jobs that existed in the national economy. See Bray, 554 F.3d at 1228 ("If an
16 ALJ's hypothetical does not reflect all of the claimant's limitations, then the expert's testimony
17 has no evidentiary value to support a finding that the claimant can perform jobs in the national
18 economy."); Werthy v. Astrue, 882 F.Supp.2d 1202, 1235 (D. Or. 2011) ("The ALJ's
19 hypothetical question to the VE, although consistent with the ALJ's RFC assessment, failed to
20 include all of Werthy's limitations and restrictions. The ALJ therefore could not rely on the VE's
21 testimony to make a determination that Werthy is able to work."); see also Robbins v. Social Sec.
22 Admin., 466 F.3d 880, 886 (9th Cir. 2006) (in posing a hypothetical to VE "an ALJ is not free to
23 disregard properly supported limitations").
24 /////

---

[2] Conversely, to the extent the ALJ may have intended to reject the limitation indicated by Dr. Castillo's opinion, the ALJ must have, at a minimum, provided specific and legitimate reasons supported by substantial evidence in the record. Lester, 81. F.3d at 830-31. Here, in light of the VE's testimony, the court cannot find that the ALJ's assertion that "claimant's moderate limitations in maintaining concentration for two-hour increments would . . . minimally after her ability to perform simple tasks," was a legitimate reason supported by substantial evidence.

1    Accordingly, the undersigned finds that plaintiff is entitled to summary judgment in her
2 favor with respect to her claim that the ALJ failed to pose a legally adequate hypothetical
3 question to the VE.

## II.    Medical Opinion Evidence

Plaintiff also argues that the ALJ's treatment of the medical opinion evidence constituted error.  (Pl.'s MSJ (Dkt. No. 19-1) at 12-28.)  Specifically, plaintiff argues that the ALJ failed to afford the proper weight to the opinions of examining physicians Dr. Robert L. Morgan and Dr. Les Kalman.[3]  (Id. at 12-23.)

With respect to Dr. Morgan's opinion, the ALJ acknowledged that medical opinion but ultimately elected to give it "reduced weight," in part, because that opinion was internally "inconsistent" and not supported by Dr. Morgan's own objective findings.  In this regard, although Dr. Morgan opined that plaintiff was moderately to markedly restricted in a number of areas of functioning, the findings of Dr. Morgan's examination of plaintiff appeared to be inconsistent with those limitations.  For example, Dr. Morgan noted that plaintiff presented with good grooming and hygiene, her eye contact was satisfactory and her gross motor functioning was "unremarkable." (Tr. at 416.)  Moreover, Dr. Morgan reported that plaintiff was cooperative and calm and presented no bizarre or unusual behavior.  (Id.)  Dr. Morgan also observed that plaintiff's fluency, vocabulary and IQ were "average," her thoughts "[c]oherent, cohesive, organized, logical and goal-directed," and she was "[a]lert, ambulatory, oriented to person, place, time and situation."  (Id.)  Dr. Morgan also found plaintiff's memory test to be unremarkable, her abstract thinking, ability to distinguish similarities and differences and her insight and judgment to be "satisfactory," and her "fund of knowledge" to be "[g]rossly satisfactory."  (Id. at 417.)

The ALJ finding that Dr. Morgan's opinion was contradictory is supported by the evidence and is a valid basis for rejecting a medical opinion.  See Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995); see also Batson v. Commissioner of Social Security Administration,

---

[3] Plaintiff also argues that the ALJ improperly rejected the opinion of Dr. Castillo.  However, as discussed above, it appears that the ALJ adopted Dr. Castillo's opinion but failed to fully incorporate the limitations indicated by Dr. Castillo's opinion into the hypothetical question posed by the ALJ to the VE.

7

359 F.3d 1190, 1195 (9th Cir. 2004) ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole . . . or by objective medical findings").

Likewise, with respect to Dr. Kalman, the ALJ's decision noted and discussed that medical opinion and elected to give it "reduced weight," in part, because Dr. Kalman's opinion was "inconsistent." (Tr. at 25-26.) The ALJ then proceeded to note that the "extreme findings" of Dr. Kalman were "inconsistent with his less restrictive function-by-function findings." (Id. at 26.) Despite that fact that Dr. Kalman's testing of plaintiff's attitude and behavior, intellectual functioning and sensorium, thought process and thought content was largely normal, and the fact that plaintiff reported doing her own cooking, shopping, housekeeping, managing her own transportation and paying her own bills, Dr. Kalman nonetheless opined that plaintiff was "not competent to manage her own funds," (id. at 513) and would be unable to complete a workday because of her impairments more than three or four times per month. (Id. at 519.)

In this regard, the ALJ's finding that Dr. Kalman's opinion was internally inconsistent is supported by substantial evidence in the record and was a valid basis for rejecting that medical opinion. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ properly rejected a treating physician's opinion of disability that was inconsistent with claimant's level of activity); Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 603 (9th Cir. 1999) (holding that ALJ properly rejected treating medical opinions that had internal inconsistencies).

Accordingly, the undersigned finds that plaintiff is not entitled to summary judgment in her favor as to this claim.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. See Benecke v. Barnhart, 379 F.3d 587, 595-96 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the

1  ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated,
2  remand is appropriate. Id. at 594.
3        Here, plaintiff first filed for benefits almost nine years ago. The Appeals Council
4  previously remanded this matter back to the assigned ALJ after finding error with the ALJ's
5  initial decision. The court now finds that the ALJ has again erred with respect to his decision
6  issued after remand from the Appeals Council. Moreover, there are no outstanding issues to be
7  resolved since it is clear from the VE's testimony that when all of plaintiff's limitations are
8  properly considered she cannot perform the jobs identified by the ALJ in his decision on remand.
9        As noted above, the Commissioner bears the burden at step-five of the sequential
10  evaluation and remanding this matter for yet another administrative hearing would further delay
11  plaintiff's benefits and impermissibly allow the ALJ yet another bite at the apple. See e.g.,
12  Benecke, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an
13  unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); Moisa v.
14  Barnhart, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should
15  not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost,
16  should have an opportunity for remand and further proceedings to establish his credibility.").
17  Here, the court finds it appropriate to remand this matter with the direction to award benefits.
18        Accordingly, IT IS HEREBY ORDERED that:
19        1. Plaintiff's motion for summary judgment (Dkt. No. 19) is granted;
20        2. Defendant's cross-motion for summary judgment (Dkt. No. 20) is denied;
21        3. The decision of the Commissioner of Social Security is reversed for the reasons
22  indicated above; and
23        4. This matter is remanded with instructions to award benefits.
24  Dated: March 10, 2014
25
26  DAD:6
    Ddad1\orders.soc sec\bailie2300.ord.docx
27

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

28